FILED
SUPERIOR COURT
OF GUAM

2014 DEC 24 PM 1: 44

CLERK OF COURT
BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PERSONAL FINANCE CENTER, | ) Case No. CV 01570-13 |
| Plaintiff, | ) |
| vs. | ) DECISION AND ORDER ON<br>) PLAINTIFF'S MOTION FOR<br>) SUMMARY JUDGMENT |
| JULIA B. GOGUE, | ) |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on the Plaintiff's Motion for Summary Judgment on September 29, 2014. Attorney Mark S. Beggs represents Plaintiff. Attorney Michael F. Phillips represented Defendant in filing an Answer and Amended Answer to Plaintiff's Complaint, but neither Defendant nor counsel filed an opposition to Plaintiff's Motion or appeared at oral argument. For the reasons set forth below, the Court grants Plaintiff's Motion.

## BACKGROUND

Per the Complaint filed on December 26, 2013, Plaintiff alleges that "Defendant has failed to make the payments required by the [promissory] note [held by Plaintiff] and the balance has been accelerated." (Compl. ¶¶ 2-3.) Plaintiff seeks "judgment against the Defendant in the amount of $5,094.25, accrued interest as of December 17, 2013 of $1,071.90, interest at the rate of 22.25% from December 17, 2013 to the date of judgment, attorney fees of $924.92,

*ORIGINAL*

post-judgment interest and costs." (Compl. ¶ 3, Prayer for Relief.) Plaintiff attached the promissory note to the Complaint.

On March 5, 2014, Defendant filed her Answer to Complaint and, on March 19, 2014, Defendant filed her Errata to Defendant's Amended Answer to Complaint. Plaintiff sets forth affirmative defenses and requests that the "Court deny each of the Plaintiff's claims and dismiss their [sic] Complaint[.]"

On August 20, 2014, Plaintiff filed its Motion for Summary Judgment as well as a Declaration from its Collections Manager, Elizabeth P. Lizama. Plaintiff contends that there are no issues of law or fact and that the Declaration "sets forth the fact that Defendant executed the loan agreement in question and owes the amounts set forth in the [D]eclaration." In the Declaration, Ms. Lizama asserts that Plaintiff is the holder of a promissory note executed by Defendant on December 7, 2011, and that Defendant "has failed to make payments required by the Note and the balance has been accelerated." (Decl. ¶¶ 3-4.) Ms. Lizama further asserts that the "balance due on the Note is $5,094.25, accrued interest as of December 17, 2013 of $1,071.90, plus additional interest at the rate of 22.25% *per annum* until judgment is entered" and that "[i]n the Note, Defendant is required to pay [Plaintiff's] attorney fees not to exceed 15% of the balance due on the loan." (Decl. ¶¶ 4-5.)

On September 29, 2014, the Court heard oral argument and took the matter under advisement. Neither Defendant nor counsel for Defendant appeared.

## DISCUSSION

Rule 56 of the Guam Rules of Civil Procedure provides that a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A genuine issue of fact exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." Iizuka Corp. v. Kawasho Int'l (Guam), Inc., 1997 Guam 10, ¶ 7 (citing T. W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987)). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit[. . . .] Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." Iizuka, 1997 Guam 10, ¶ 7 "If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot

merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." Id., ¶ 8 (citing Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986)).

To determine whether summary judgment may be granted, "the Court must view the evidence and draw inferences in the light most favorable to the non-movant." Edwards V. Pacific Financial Corp., 2000 Guam 27, ¶ 7 (citing Anderson, 477 U.S. at 249). "The Court's ultimate inquiry is to determine whether the 'specific fact' set forth by the non-moving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." Iizuka, 1997 Guam 10, ¶ 8 (quoting T. W. Elec. Serv., 809 F.2d at 631) (internal quotation marks omitted). "Stated simply, there is a trial issue if there is sufficient evidence for a jury to return a verdict in the non-moving party's favor." Kim v. Hong, 1997 Guam 11, ¶ 8 (citing Anderson, 477 U.S. at 250).

Here, Plaintiff provided the promissory note executed by Defendant and a Declaration to support the allegations in its Complaint as well as its request for summary judgment. The Court finds this evidence consistent and credible and discerns no issue of material fact. Moreover, Defendant offered no opposition bringing any such factual issue to the Court's attention. The Court, therefore, concludes that Defendant failed to make payments under the promissory note and that Plaintiff is entitled to summary judgment and the relief requested in its Complaint.

## CONCLUSION

In light of the foregoing, the Court GRANTS Plaintiff's Motion for Summary Judgment. Plaintiff shall prepare a Judgment consistent with this Decision.

**IT IS SO ORDERED** this day of December 24, 2014.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

_McCully & Beggs_
_Phillips & Bordallo_
Date: _12-24-14_ Time: _1:50 pm_
_A. Santos_
Deputy Clerk, Superior Court of Guam

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam